UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GARY WASZCYSZAK | : | CHAPTER 13 |
| Debtor(s) | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| GARY WASZCYSZAK | : | |
| Respondent(s) | : | CASE NO. 5-19-bk-02633 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 16th day of September, 2019, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(2) in that the debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. Sec. 507.

3. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor's have excess non-exempt equity in the following:

    a. Residential real estate

4. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. Insufficient Monthly Net Income as indicated on Schedules I and J.
    b. The plan is underfunded relative to claims to be paid.
    c. The debtor(s) has previously filed a Chapter 13 Plan for payment of mortgage arrears and defaulted under said plan.

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. 2018 Federal Income Tax return.
    b. Paystub for month ending September 30, 2019.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 18th day of September, 2019, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Mark Moulton, Esquire
693 State Route 739, Ste 1
Lords Valley, PA 18428

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee