United States Bankruptcy Court
Middle District of Pennsylvania

In re:  
Gary Waszcyszak  
    Debtor

Case No. 19-02633-RNO  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0314-5      User: PRadginsk      Page 1 of 2      Date Rcvd: Sep 18, 2019  
                            Form ID: pdf002      Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 20, 2019.

```
db              +Gary Waszcyszak,    125 10th Street,    Matamoras, PA 18336-1823
5224696          Bon Secours,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5212202         +Bon Secours Med Grp,    20 Grand St,    Warwick, New York 10990-1035
5212203         +CDK/Port Jervis Automot,    131-189 Kingston Ave,    Port Jervis, NY 12771-1341
5212204        ++DIRECTV LLC,    ATTN BANKRUPTCIES,    PO BOX 6550,    GREENWOOD VILLAGE CO 80155-6550
                 (address filed with court: DIRECTV Customer Service,    ATTN Bankruptcy Claims,    P.O. Box 6550,
                   Greenwood Village, Colorado  80155)
5237360          Ditech Financial LLC,    PO Box 12740,    Tempe, AZ 85284-0046
5212205         +Ditech Financial Services,    1100 Virginia Dr #100a,    Fort Washington, PA 19034-3276
5212206         +KML Law Group,    701 Market Street,    BNY Ind CTr Ste#5000,    Philadelphia, PA 19106-1538
5212207         +Linebarger Goggan,    61 Broadway, Ste 2600,    New York, New York 10006-2840
5212208         +MTA Business Service Center,    333 W. 34th Street,    9th Floor,    New York, New York 10001-2567
5212209          New York State Department of Taxation &,    Bankruptcy Section,    P O Box 5300,
                   Albany, New York 12205-0300
5212210         +PCLP,    105 Schneider Lane,    Milford, PA 18337-7845
5236715         +RHINEBECK BANK,    CORBALLY, GARTLAND AND RAPPLEYEA, LLP,    35 MARKET STREET,
                   POUGHKEEPSIE, NY 12601-3285
5212214         +Rhinebeck Bank,    2 Jefferson Plz,    Poughkeepsie, NY 12601-4060
5212216         +Transworld Systems, Inc.,    980 Harvest Drive, Suite 202,    Blue Bell, Pennsylvania 19422-1955
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
cr              +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 18 2019 19:31:20
                   PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5239271          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 18 2019 19:31:20
                   Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5224324          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 18 2019 19:29:23
                   Pennsylvania Department of Revenue,    Bankruptcy Division, PO Box 280946,
                   Harrisburg PA 17128-0946
5212211         +E-mail/Text: aduffy@pikepa.org Sep 18 2019 19:29:43      Pike County Tax Claim Bureau,
                   506 Broad St.,    Milford, Pennsylvania 18337-1596
5212212         +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 18 2019 19:31:56
                   Portfolio Recovery Services,    PO Box 12914,    Norfolk, Virginia 23541-0914
5212213         +E-mail/Text: Supportservices@receivablesperformance.com Sep 18 2019 19:29:50
                   Receivables Performance Mgt,    20816 44th Ave W,    Lynwood, Washington 98036-7744
5212681         +E-mail/PDF: gecsedi@recoverycorp.com Sep 18 2019 19:31:13      Synchrony Bank,
                   c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5212215         +E-mail/PDF: gecsedi@recoverycorp.com Sep 18 2019 19:31:16      Synchrony Bank,    P O Box 965004,
                   Orlando, Florida 32896-5004
5212217         +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Sep 18 2019 19:28:57
                   Verizon,    P.O. Box 28000,    Lehigh Valley, Pennsylvania 18002-8000
                                                                                              TOTAL: 9
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address  
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 20, 2019                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0314-5           User: PRadginsk          Page 2 of 2            Date Rcvd: Sep 18, 2019
                               Form ID: pdf002          Total Noticed: 24
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 18, 2019 at the address(es) listed below:

```
          Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
          James  Warmbrodt    on behalf of Creditor   DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
          Mark E. Moulton    on behalf of Debtor 1 Gary  Waszcyszak markmoulton@moultonslaw.com,
           staff@moultonslaw.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Gary Waszcyszak

Debtor(s)

CHAPTER: 13

CASE NO. 5 -19 -bk-02633

X   ORIGINAL PLAN

1st, 2nd, 3rd  AMENDED PLAN (indicate #)

0   Number of Motions to Avoid Liens

0   Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | X Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**
   A. **Plan Payments From Future Income**
      1. To date, the Debtor paid $ -0- (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 51,099.40 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 07/19 | 08/19 | 35.00 | -0- | 35.00 | 70.00 |
| 09/19 | 08/20 | 500.00 | -0- | 500.00 | 6,000.00 |
| 09/20 | 06/24 | 978.90 | -0- | 978.90 | 45,029.40 |
|  |  |  |  | Total Payments: | 51,099.40 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. *Check One:*
      ☑ Debtor is at or under median income.

   B. **Additional Plan Funding From Liquidation of Assets/Other**

   5. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) *Check One:*

      ☑ No assets will be liquidated.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check One:*
      ☑ None.

2

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

X Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ditech | 125 10th Street Matamoras | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

X The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ditech | 125 10th Street Matamoras | 41,213.90 | -1,225.00- | 42,438.90 |
| Pike County Tax Claim Bureau | 125 10th Street Matamoras | 3,800.00 | -0- | 3,800.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

    ☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

    ☑ None.

F. **Surrender of Collateral.** *Check One:*

    ☑ None.

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens.* *Check One:*

    ☑ None.

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

    a. In addition to the retainer of $ 700.00 already paid by the Debtor, the amount of $ 1,800.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*
    ☑ None.

B. **Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

Case 5:19-bk-02633-RNO    Doc 17    Filed 09/20/19    Entered 09/21/19 00:36:11    Desc
Imaged Certificate of Notice    Page 6 of 8

    *C.* **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one:*

        ☑ None.

4. **UNSECURED CLAIMS.**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

        ☑ None.

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

        ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

        X plan confirmation.
        ☐ entry of discharge.
        ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

        X The debtor will seek a discharge pursuant to § 1328(a).
        ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:

    Level 1: Enter text here

    Level 2: Enter text here

5

Level 3: Enter text here
Level 4: Enter text here
Level 5: Enter text here
Level 6: Enter text here
Level 7: Enter text here
Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None

Dated: June 18, 2019                                    s/Mark E. Moulton
                                                        Attorney for Debtor

                                                        **s/**Gary Waszcyszak
                                                        Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.