Rev. 02/22/19

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

In Re:

Gary Waszcyszak

Chapter: 13

Case No.: 5:19--bk--02633

Debtor(s)

**NOTICE**

The confirmation hearing on the 1st Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 11/22/2019     Time: 09:30

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 11/15/2019.

**For cases before the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 10/21/2019      Filed by:   Mark E. Moulton, Esquire

---

Rev 12/01/18

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
Gary Waszcyszak

CHAPTER: 13

CASE NO. 5:19—bk--02633

Debtor(s)    1st    ORIGINAL PLAN
                   AMENDED PLAN (indicate #)
             0     Number of Motions to Avoid Liens
             0     Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | Included | Not Included |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | X Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

---

Rev 12/01/18

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $ -140.00- (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 74,314.88 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 07/19 | 10/19 | 35.00 | -0- | 35.00 | 140.00 |
| 11/19 | 10/20 | 641.24 | -0- | 641.24 | 7,694.88 |
| 11/20 | 10/21 | 1,200.00 | -0- | 1,200.00 | 14,400.00 |
| 11/21 | 06/24 | 1,860.00 | -0- | 1,860.00 | 52,080.00 |
| | | | | Total Payments: | 74,314.88 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*
   ☒ Debtor is at or under median income.

**B. Additional Plan Funding From Liquidation of Assets/Other**

5. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)  *Check One:*

   ☒ No assets will be liquidated.

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check One:*
   ☒ None.

2

---

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
   *If this is checked, the rest of § 2.B need not be completed or reproduced.*
X Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ditech | 125 10th Street Matamoras | 5353 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
   *If this is checked, the rest of § 2.C need not be completed or reproduced.*
X The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ditech | 125 10th Street Matamoras | 65,176.60 | -0- | 65,176.60 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**  *Check One:*
   ☒ None.

**E. Secured claims for which a § 506 valuation is applicable.**  *Check One:*
   ☒ None.

**F. Surrender of Collateral.**  *Check One:*
   ☒ None.

3

G. <u>Lien Avoidance</u>. *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*
  ☑ None.

3. **PRIORITY CLAIMS.**
   A. <u>Administrative Claims</u>

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 700.00 already paid by the Debtor, the amount of $ 2,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*
      ☑ None.

   B. **Priority Claims (including certain Domestic Support Obligations).**
   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

   | Name of Creditor | Estimated Total Payment |
   |---|---|
   | PA Dept Revenue | $ 55.90 |

   C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>. *Check one:*
      ☑ None.

4. **UNSECURED CLAIMS.**
   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. *Check one:*
      ☑ None.

   B. <u>Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.</u>

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*
   ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   X plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

   X The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:

   Level 1: Enter text here
   Level 2: Enter text here
   Level 3: Enter text here
   Level 4: Enter text here
   Level 5: Enter text here
   Level 6: Enter text here
   Level 7: Enter text here
   Level 8: Enter text here

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

   Level 1: Adequate protection payments.
   Level 2: Debtor's attorney's fees.

Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None

Dated: October 21, 2019      s/Mark E. Moulton
                             Attorney for Debtor

                             **s**/Gary Waszcyszak
                             Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: GARY WASZCYSZAK | CASE NO: 19--bk--02633 |
|---|---|
| | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 10/21/2019, I did cause a copy of the following documents, described below,

Waszcyszak Plan 1  w notice sm

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/21/2019

/s/ Mark E. Moulton
Mark E. Moulton  89064

693 Route 739
Hawley, PA  18428
570 775 9525

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GARY WASZCYSZAK | CASE NO: 19--bk--02633 |
| | **CERTIFICATE OF SERVICE** |
| | **DECLARATION OF MAILING** |
| | Chapter: 13 |

On 10/21/2019, a copy of the following documents, described below,

Waszcyszak Plan 1 w notice sm

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 10/21/2019

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mark E. Moulton

693 Route 739
Hawley, PA  18428

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| CASE INFO | BON SECOURS | BON SECOURS MED GRP |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING 03145<br>CASE 5-19-BK-02633-RNO<br>MIDDLE DISTRICT OF PENNSYLVANIA<br>WILKES-BARRE<br>MON OCT 21 12-30-30 EDT 2019 | RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | 20 GRAND ST<br>WARWICK NEW YORK 10990-1035 |
| CDKPORT JERVIS AUTOMOT<br>131189 KINGSTON AVE<br>PORT JERVIS NY 12771-1341 | DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 | CHARLES J DEHART III TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 |
| DITECH FINANCIAL LLC<br>PO BOX 12740<br>TEMPE AZ 85284-0046 | DITECH FINANCIAL SERVICES<br>1100 VIRGINIA DR 100A<br>FORT WASHINGTON PA 19034-3277 | KML LAW GROUP<br>701 MARKET STREET<br>BNY IND CTR STE5000<br>PHILADELPHIA PA 19106-1538 |
| LINEBARGER GOGGAN<br>61 BROADWAY STE 2600<br>NEW YORK NEW YORK 10006-2840 | MTA BUSINESS SERVICE CENTER<br>333 W 34TH STREET<br>9TH FLOOR<br>NEW YORK NEW YORK 10001-2567 | MARK E MOULTON<br>MOULTON AND MOULTON PC<br>693 STATE ROUTE 739 SUITE 1<br>LORDS VALLEY PA 18428-6083 |
| NEW YORK STATE DEPARTMENT OF TAXATION<br>BANKRUPTCY SECTION<br>P O BOX 5300<br>ALBANY NEW YORK 12205-0300 | PCLP<br>105 SCHNEIDER LANE<br>MILFORD PA 18337-7845 | PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION PO BOX 280946<br>HARRISBURG PA 17128-0946 | PIKE COUNTY TAX CLAIM BUREAU<br>506 BROAD ST<br>MILFORD PENNSYLVANIA 18337-1596 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| PORTFOLIO RECOVERY SERVICES<br>PO BOX 12914<br>NORFOLK VIRGINIA 23541-0914 | RHINEBECK BANK<br>CORBALLY GARTLAND AND RAPPLEYEA LLP<br>35 MARKET STREET<br>POUGHKEEPSIE NY 12601-3285 | RECEIVABLES PERFORMANCE MGT<br>20816 44TH AVE W<br>LYNWOOD WASHINGTON 98036-7744 |
| RHINEBECK BANK<br>2 JEFFERSON PLZ<br>POUGHKEEPSIE NY 12601-4060 | SYNCHRONY BANK<br>P O BOX 965004<br>ORLANDO FLORIDA 32896-5004 | SYNCHRONY BANK<br>CO PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| TRANSWORLD SYSTEMS INC<br>980 HARVEST DRIVE SUITE 202<br>BLUE BELL PENNSYLVANIA 19422-1955 | ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~228 WALNUT STREET SUITE 1190~~<br>~~HARRISBURG PA 17101-1722~~ | VERIZON<br>PO BOX 28000<br>LEHIGH VALLEY PENNSYLVANIA 18002-8000 |

```
PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

JAMES WARMBRODT                         DEBTOR
701 MARKET STREET SUITE 5000            GARY WASZCYSZAK
PHILADEPHIA PA 19106-1541               125 10TH STREET
                                        MATAMORAS PA 18336-1823
```